IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. WELCH,

    Plaintiff,                     No. CIV S-09-3251 DAD P

    vs.

SHERRY WEST, et al.,         <u>ORDER AND</u>

    Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint[1] and application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PROCEDURAL HISTORY**

        On July 14, 2009, plaintiff commenced this action by filing a civil rights complaint in the United States District Court for the Northern District of California. The Clerk

---

[1] Before the court could screen the original complaint in this action, plaintiff filed an amended complaint. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Here, no responsive pleading has been served. Accordingly, the court will allow the case to proceed on plaintiff's amended complaint.

1

1  of that Court directed him to either pay the required filing fee or file an application to proceed in
2  forma pauperis.  On August 24, 2009, plaintiff filed an application to proceed in forma pauperis.
3  He also filed an amended complaint.  Nevertheless, on August 31, 2009, U.S. District Judge
4  Alsup dismissed the case for failure to pay the required filing fee or file an application to proceed
5  in forma pauperis.  On September 8, 2009, plaintiff filed a motion for reconsideration, and on
6  November 19, 2009, Judge Alsup granted plaintiff's motion, re-opened the case and transferred
7  the case to this district, where venue is proper.

## SCREENING REQUIREMENT

9  The court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
11 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
14 U.S.C. § 1915A(b)(1) & (2).

15 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
17 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
18 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21 Cir. 1989); Franklin, 745 F.2d at 1227.

22 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
23 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
26 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

1  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
2  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
3  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
5  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
6  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
7               The Civil Rights Act under which this action was filed provides as follows:
8               Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
9               deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
10              law, suit in equity, or other proper proceeding for redress.
11 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
12 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
13 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
14 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
15 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
16 omits to perform an act which he is legally required to do that causes the deprivation of which
17 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
18              Moreover, supervisory personnel are generally not liable under § 1983 for the
19 actions of their employees under a theory of respondeat superior and, therefore, when a named
20 defendant holds a supervisorial position, the causal link between him and the claimed
21 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
22 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
23 allegations concerning the involvement of official personnel in civil rights violations are not
24 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
25 /////
26 /////

## PLAINTIFF'S AMENDED COMPLAINT

In the present case, plaintiff has identified Warden Martel, Appeals Coordinator Thomason, Litigation Coordinator West, Litigation Coordinator Hrbacek, and Secretary Cate as the defendants in this action. In his amended complaint, plaintiff alleges that when prison staff began working reduced hours the defendants stopped properly handling his inmate appeals, staff complaints, and citizen's complaints. For example, plaintiff alleges that he filed an inmate appeal against the food manager at Mule Creek State Prison, but the appeals office did not properly process the appeal. In addition, plaintiff alleges that he filed inmate appeals and citizen's complaints against various correctional officers for refusing to let him out of his cell for medical reasons or to make legal calls, but the appeals office failed to process his grievances and instead claimed that the conditions he complained of did not adversely affect his welfare. Finally, plaintiff alleges that he filed staff complaints against prison personnel, but the appeals office rejected them as duplicative of his inmate appeals. In terms of relief, plaintiff requests certain reforms to the appeals process at the institution of his incarceration. (Compl. at 1-5 & Exs.)

## ANALYSIS

Plaintiff's amended complaint fails to state a cognizable claim for relief. In essence, plaintiff is attempting to assert a constitutional claim against the defendants for the way they have (or have not) processed his inmate appeals, citizen's complaints, and staff complaints. However, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. In this regard, even if the defendants delayed, denied, or erroneously screened out plaintiff's grievances, they have not deprived him of a federal constitutional right. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010)

4

(plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); <u>Walker v. Vazquez</u>, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); <u>Towner v. Knowles</u>, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); <u>Williams v. Cate</u>, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Accordingly, the court will recommend that plaintiff's complaint be dismissed. Although leave to amend is generally freely granted where the plaintiff is proceeding pro se, under the circumstances of this case granting leave to amend would be futile. See <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 3) be denied; and

2. This action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

5

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2010.

DAD:9
welc3251.56

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6